UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 1:18-cr-00098-JAW |
| | ) | |
| LUIS HERNANDEZ | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

A defendant raises a double jeopardy claim based on the Government's prior conviction of the defendant for distribution of cocaine base and heroin and its subsequent indictment for his participation in a drug trafficking conspiracy, based in part on the conduct underlying the previous prosecution. Because the defendant fails to establish a prima facie double jeopardy claim on the current record, the Court denies the motion to dismiss without prejudice.

**I.     BACKGROUND**

**A.     The 2016 Indictment and Conviction for Distribution**

On October 8, 2015, Mr. Hernandez was arrested by the Maine State Police and charged with trafficking scheduled drugs. *Def.'s Mot. to Dismiss* at 1 (ECF No. 188) (*Def.'s Mot.*). The state charge was later dropped, and on February 2, 2017, a federal grand jury indicted Mr. Hernandez on the charge of Distribution of Cocaine Base and Heroin in violation of 21 U.S.C. § 841(a)(1). *Id.,* Ex. 1, *Indictment* (ECF No. 188-1) (*Distribution Indictment*). Mr. Hernandez pleaded guilty and the Court sentenced him to one year in prison and three years of supervised release. *Def.'s Mot.* at 1; *USA v. Hernandez*, Docket No. 17-cr-00026-JAW-1 (*Prior Case*). The indictment reads:

## COUNT ONE
(Distribution of Cocaine Base and Heroin)

on or about November 30, 2016, in the District of Maine, defendant

**LUIS HERNANDEZ**

knowingly and intentionally distributed a mixture or substance containing cocaine base (crack), a Schedule II controlled substance, and a mixture or substance containing heroin, a Schedule I controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the penalty provisions of Title 21, United States Code, Section 841(b)(1)(C) apply to the conduct described herein.

*Distribution Indictment* at 1.

### B. The 2018 Conspiracy Indictment

On July 18, 2018, a federal grand jury indicted Luis Hernandez along with several other defendants for engaging in a drug trafficking conspiracy in violation of federal criminal law. *Indictment*, Docket 1:18-cr-00098-JAW-3 (ECF No. 2) (*Conspiracy Indictment*). The indictment reads:

## COUNT ONE
(Conspiracy to Distribute and to Possess With Intent to Distribute Controlled Substances)

From on or about January 1, 2015 through on or about September 1, 2017, the exact dates being unknown to the Grand Jury, in the District of Maine and elsewhere, the defendants

**LUIS PADILLA, a/k/a "Twin,"
DAMIAN PERRY, a/k/a "Primo,"
LUIS HERNANDEZ, a/k/a "Flacco,"
JASON MANNIX, a/k/a "Boston,"
SAMMANTHA JOHNSON, a/k/a "Sam,"
MALCOLM GREENLAW, a/k/a "Mac,"
And
ERICA OLIVEIRA**

and others known and unknown, knowingly and intentionally conspired together and with one another, to distribute and possess with the intent to distribute, controlled substances including a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

## QUANTITY OF HEROIN AND COCAINE BASE INVOLVED IN THE CONSPIRACY

With respect to the defendants **LUIS PADILLA, a/k/a "Twin," DAMIAN PERRY, a/k/a "Primo,"** their conduct as members of the conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21, United States Code, Section 841(b)(I)(A)(i) and 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(iii).

With respect to the defendants, **LUIS HERNANDEZ, a/k/a "Flacco," JASON MANNIX, a/k/a "Boston," SAMMANTHA JOHNSON, a/k/a "Sam," MALCOLM GREENLAW, a/k/a "Mac," and ERICA OLIVEIRA** their conduct as members of the conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance and a quantity of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C), all in violation of Title 21, United States Code, Section 846.

*Id.* at 1-2.[1]

---

[1] The District of Maine indictment contained a count two, but it involved one of the other defendants. *Conspiracy Indictment* at 3.

## II. THE POSITIONS OF THE PARTIES

### A. The Defendant's Motion

Mr. Hernandez states that *Blockburger v. United States*, 284 U.S. 299, 304 (1932), established the traditional test for double jeopardy when two conspiracies are not involved. *Def.'s Mot.* at 2. Under *Blockburger*, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* (quoting *Blockburger*, 284 U.S. at 304). Mr. Hernandez contends that "the criminal conduct underlying the present conspiracy count is that of distribution of heroin and cocaine base, the same charge which Hernandez pleaded guilty to on February 2, 2016, and for which he served 1 year of incarceration and 36 months on supervised release."[2] *Id.* at 3. Furthermore, Mr. Hernandez says the First Circuit has expressed concern about instances where the government may comply literally with *Blockburger* "while actually carving up a single conspiracy to commit several crimes into separate prosecutions." *Id.* (citing *United States v. Laguna-Estela*, 394 F.3d 54, 57 (1st Cir. 2005)).

Mr. Hernandez compares his past conviction with the current indictment under the five-factor test used "to determine whether two charged conspiracies are the same offense for the purposes of double jeopardy." *Id.* at 4 (quoting *Laguna-Estela*, 394 F.3d at 57 (quoting *United States v. Gomez-Pabon*, 911 F.2d 847, 860-61 (1st Cir. 1990)). He argues the time periods of the alleged crimes, the individuals

---

[2] The record reflects Mr. Hernandez pled guilty in the prior case on April 25, 2017. *Prior Case, Min. Entry for Proceedings Held Before Judge Woodcock: Change of Plea Hearing* (ECF No. 37).

4

involved, and the locations of the charged conduct overlap. *Id.* at 4-6. He contends that because Mr. Hernandez's alleged role in the conspiracy was that of a distributor, the Government would have to use the same evidence that supported the earlier conviction to prove that Mr. Hernandez participated in the conspiracy. *Id.* at 6.

With regard to the final element—whether the same statutory provision was involved in both matters—Mr. Hernandez concedes that he was charged under separate statutory provisions in each of the two matters, which require proof of different elements, but he contends that "under the circumstances it would be a gross injustice and violate the concept of fundamental fairness to allow the present prosecution to continue as to Luis Hernandez when he has already been punished for his alleged role in the instant conspiracy." *Id.* at 7.

### B. The Government's Opposition

The Government objects to the Defendant's motion to dismiss, stating that "[t]he defendant's argument . . . is contrary to well-settled law that conspiracy to commit a crime is not the same offense as the substantive crime for double jeopardy purposes." *Gov't's Resp. in Opp'n* (ECF No. 202) (*Gov't's Opp'n*). Citing *United States v. Fornia-Castillo,* 408 F.3d 52 (1st Cir. 2005), the Government argues the *Blockburger* test is fully satisfied with regard to sequential prosecutions for a substantive drug offense and a conspiracy, "because the agreement to do the act is distinct from the completed act itself." *Gov't's Opp'n* at 3 (quoting *Fornia-Castillo*, 408 F.3d at 69) (quoting *United States v. Felix*, 503 U.S. 378, 390–91 (1992) (internal quotation marks omitted)). The Government cites additional caselaw in support of

5

this proposition. *Id.* (citing *Ottomano v. United States*, 468 F. 2d 269, 271 (1st Cir. 1973); *Iannelli v. United States*, 420 U.S. 770, 777 (1975)).

The Government claims Mr. Hernandez used the incorrect double jeopardy standard in his analysis, because the test set forth in *Laguna-Estela* "is appropriately considered when the court is evaluating whether successive conspiracy prosecutions are involved, and he acknowledges that he was prosecuted for a substantive offense prior to the instant conspiracy prosecution." *Gov't's Opp'n* at 3-4 (citing *Laguna-Estela*, 394 F.3d at 54).

Finally, the Government rejects Mr. Hernandez's contention that the second prosecution is a due process violation and is fundamentally unfair "because he has already been punished for his alleged role in the conspiracy." *Id.* at 4 (citing *Def.'s Mot.* at 8). The Government alleges that it gave Mr. Hernandez the opportunity to have the conduct that is the basis of the current conspiracy charge considered as part of his sentence in the prior case, but Mr. Hernandez declined the offer. *Id.* at 4-5. The Government notes that Mr. Hernandez referenced an earlier version of the Presentence Investigation Report (PSR), which described the conduct that is the subject of the current conspiracy charge, in support of his argument, but the final PSR was amended to remove such reference. *Id.* at 5. According to the Government, "the final PSR in [Mr. Hernandez's] 2017 case removed reference to the 2015 drug seizure and calculated his drug quantity solely upon the events of November 30, 2016." *Id.* at 5. Because the Government made Mr. Hernandez aware of its intention to prosecute him further at the time of the prior conviction, it argues that Mr.

6

Hernandez "cannot now plausibly claim that he was treated in an unfair or indecent manner by the Government." *Id.*

### III. LEGAL STANDARD

#### A. Motions to Dismiss an Indictment: General Rules

"[D]ismissing an indictment is an extraordinary step." *United States v. Li*, 206 F.3d 56, 62 (1st Cir. 2000) (quoting *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997)). Because dismissing an indictment "'directly encroaches upon the fundamental role of the grand jury,'" the Court is mindful that it "should exercise its authority to dismiss cautiously." *United States v. Thomas*, 519 F. Supp. 2d 141, 143-44 (D. Me. 2007) (quoting *Whitehouse v. U.S. Dist. Court*, 53 F.3d 1349, 1360 (1st Cir. 1995)). For this reason, unlike a complaint initiating a civil action, "an indictment is not generally subject to dispositive motion practice." *United States v. Ayotte*, 841 F. Supp. 2d 398, 403 (D. Me. 2012) (quoting *United States v. Poulin*, 645 F. Supp. 2d 17, 22 (D. Me. 2009)). Dismissal of an indictment by a federal court "is appropriately reserved, therefore, for extremely limited circumstances." *Whitehouse*, 53 F.3d at 1360 (1st Cir. 1995) (citing *Bank of N.S. v. United States*, 487 U.S. 250, 263 (1988)).

#### B. The Law of Double Jeopardy

Under the Fifth Amendment, no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST., AM. V. The double jeopardy clause "protects against multiple punishments for the same offense." *United States v. Chiaradio*, 684 F.3d 265, 272 (1st Cir. 2012) (quoting *United States v. Pires*, 642 F.3d 1, 15 (1st Cir. 2011)). The seminal double jeopardy case from the United States

7

Supreme Court is *Blockburger v. United States*, 284 U.S. 299 (1932). In *Blockburger*, the Supreme Court described the proper analysis: "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304; *United States v. Stefanidakis*, 678 F.3d 96, (1st Cir. 2012) ("*Blockburger*. . . prohibits charging the same conduct under two separate statutes unless each statute requires proof of a fact that that other does not").

"A defendant claiming double jeopardy has the burden of presenting evidence to establish a prima facie nonfrivolous double jeopardy claim. Once such a claim is established, the burden shifts to the government to prove by a preponderance of the evidence that the indictments charge separate offenses." *Laguna-Estela*, 394 F.3d at 56 (quoting *United States v. Booth*, 673 F.2d 27, 30-30 (1st Cir. 1992)).

## IV. ANALYSIS

### A. The Presentence Investigation Report

As a threshold issue, the parties dispute whether Mr. Hernandez was already punished for his alleged role in the present conspiracy when he was sentenced in the prior case. *Gov't's Opp'n* at 5; *Def.'s Mot.* at 7. Mr. Hernandez contends that "[t]he defendant here has already been punished for both the 2015 search warrant execution at the Colonial Motor Lodge in Ellsworth, Maine, and the November 29, 2016 controlled sell to an informant," *Def.'s Mot.* at 8, because "the offense conduct according [to] the Presentence Investigation Report in that prior case also included an October 8, 2015 search warrant execution at the Colonial Motor Lodge in

8

Ellsworth, Maine, where the defendant was arrested for possession of Oxycodone." *Id*. at 4 (citing *Sealed Additional Attach. re Mot. to Dismiss, Presentence Investigation Report*, at ¶ 5 (ECF No. 194) (*6/13/17 PSR*)). He further states that "[t]he Presentence Investigation Report for the prior conviction noted that 'there is a common scheme or plan between the incidents.'" *Id*. at 7.

The Government disagrees, arguing that defense counsel mistakenly cited an earlier version of the PSR. According to the Government, it "offered the defendant the opportunity to have that conduct considered as part of the 2017 sentencing proceeding," but Mr. Hernandez refused, which is why the PSR was amended on June 30, 2017 to remove reference to conduct alleged prior to November 30, 2016. *Gov't's Opp'n* at 5.[3]

The record in large part supports the Government's contention, although a second revised PSR, dated July 19, 2017, informed Mr. Hernandez's sentencing in the prior case. (*See Prior Case, Second Revised PSR*, dated 7/19/17 (*7/19/17 PSR*)). Under the title "Offense Conduct", the Second Revised PSR references only conduct that took place on November 29 and November 30, 2016. It does include a description of the execution of a search warrant at the Colonial Motor Lodge in Ellsworth Maine on October 8, 2015 in the "Other Arrests" section of the Second Revised PSR, but this information is not factored into Mr. Hernandez's Criminal History Computation. *Id*. at ¶¶ 23, 25A.

---

[3] Although Mr. Hernandez includes a copy of the June 13, 2017 PSR as an exhibit to his Motion to Dismiss, neither party provided a copy of the June 30, 2017 Revised PSR referenced by the Government.

9

The Court agrees with the Government that the evidence cited by Mr. Hernandez, as well as the PSR relied upon by the Court in the prior case, do not support Mr. Hernandez's contention that he was previously punished for his alleged conduct underlying in the present prosecution.[4]

B.  **The Indictments and Double Jeopardy**

Mr. Hernandez contends that the present indictment for conspiracy to distribute and to possess with intent to distribute controlled substances pursuant to 21 U.S.C. § 846 violates the double jeopardy provisions of the Fifth Amendment due to his prior conviction for distribution of cocaine base and heroin under 21 U.S.C.§ 841(a)(1). *Def.'s Mot.* at 1-2. He concedes that the two prosecutions are based on two separate statutory provisions but argues that the Government "has clearly carved up 'a single conspiracy to commit several crimes into separate prosecutions.'" *Id.* at 3 (quoting *Laguna-Estela*, 394 F.3d at 57). He further avers that the five-factor double jeopardy test used when two charges of conspiracy are brought successively weighs in favor of a constitutional violation. *Id.* at 4-8.

---

[4] Even if Mr. Hernandez was previously punished for his alleged role in the drug conspiracy, this fact is unlikely to influence his double jeopardy claim. In *Witte v. United States*, the Supreme Court considered an instance in which the defendant's total drug quantity calculation included "all of the transactions contemplated by the conspirators", although the defendant was not charged with conspiracy until later. 515 U.S. 389, 393 (1995). The defendant was subsequently charged with conspiring and attempting to import cocaine, and he moved to dismiss, contending that "he had already been punished for the cocaine offenses because the cocaine involved in the 1990 transactions had been considered as "relevant conduct at sentencing for the 1991 marijuana offense." *Id.* at 395. The Supreme Court held that "consideration of uncharged conduct in arriving at a sentence within the statutorily authorized punishment range" does not constitute punishment for Double Jeopardy purposes, even when the consideration of such conduct resulted in a higher sentence range under the Guidelines. *Id.* at 397, 399. The *Witte* Court explained that in the history of sentencing in America, "we specifically have rejected the claim that double jeopardy principles bar a later prosecution or punishment for criminal activity where that activity has been considered at sentencing for a separate crime." *Id.* at 398 (citing *Williams v. Oklahoma,* 358 U.S. 576 (1959)).

10

"In determining whether two charged conspiracies that allege violations of the same substantive statute are actually the same offense for double jeopardy purposes," courts generally employ a more nuanced five-factor test in place of *Blockburger* to compare the two prosecutions. *United States v. Gomez-Pabon,* 911 F.2d 847, 860 (1st Cir. 1990) (citing *United States v. Garcia-Rosa*, 876 F.2d 209, 228 (1st Cir. 1989), *cert. denied*, 493 U.S. 1030 (1990); *United States v. Booth*, 673 F.2d 27, 29 (1st Cir.), *cert. denied*, 456 U.S. 978 (1982)). This modification is to account for the "ease with which prosecutors can draft indictments that allege what may appear to be separate conspiracies but may actually be parts of an overall conspiracy." *Id.* (quoting *United States v. Abbamonte*, 759 F.2d 1065, 1068 (2d Cir. 1985)). However, this test is not applied when one of the prosecutions is for conspiracy, and the other for a substantive offense. *See Fornia-Castillo*, 408 F.3d at 69 (analyzing a drug conspiracy and subsequent substantive drug offense under the *Blockburger* test); *see also United States v. Finazzo*, 520 F. Supp. 1085, 1091 (E.D. Mich. 1981), *aff'd*, 704 F.2d 300 (6th Cir. 1983). Instead, the standard *Blockburger* analysis governs. *Fornia-Castillo*, 408 F.3d at 69.

Consistent with *Blockburger*, "[i]t is settled law in this country that the commission of a substantive offense and a conspiracy to commit it are separate and distinct crimes, and a plea of double jeopardy is no defense to a conviction for both." *Pereira v. United States*, 347 U.S. 1, 11, 74 (1954) (citing *Pinkerton v. United States*, 328 U.S. 640, 643-44 (1946)). Similarly, the First Circuit described a defendant's argument that he could not be prosecuted "for substantive drug offenses that were

11

the objects of a drug conspiracy for which [he] had already been prosecuted . . . [as] futile." *Fornia-Castillo*, 408 F.3d at 69. It is only when "the substantive offense and the conspiracy are identical does a conviction for both constitute double jeopardy." *Id.* (*citing Gavieres v. United States*, 220 U.S. 338 (1911)). "To determine whether two offenses constitute the same offense, we examine whether each crime requires proof of an additional fact that the other does not." *Com. v. D'Amour,* 428 Mass. 725, 747-48, 704 N.E.2d 1166, 1182 (1999) (citing *Blockburger,* 284 U.S. at 299).

In *Fornia-Castillo*, the First Circuit considered whether subsequent prosecutions under § 841(a)(1) and § 846, the exact statutory provisions at issue in the present case, satisfy the *Blockburger* test. 408 F.3d at 55. The First Circuit stated:

> "In order to establish a violation of 21 U.S.C. § 846, the Government need not prove the commission of any overt acts in furtherance of the conspiracy." *United States v. Shabani,* 513 U.S. 10, 15 (1994). Conversely, no agreement need be proven to secure a conviction for a substantive drug offense under 21 U.S.C. § 841(a)(1). Indeed, it has long been established that "conspiracy to commit a crime is not the same offense as the substantive crime for double jeopardy purposes," *Lanoue,* 137 F.3d at 662, because "the agreement to do the act is distinct from the [completed] act itself," *Felix,* 503 U.S. at 390–91 (internal quotation marks omitted) (adhering to line of cases holding that separate prosecutions for conspiracy and for underlying substantive offenses do not violate the Double Jeopardy Clause).

*Id.* at 69.

Mr. Hernandez has failed to show why *Fornia-Castillo's* holding does not apply. The Court sees no basis on which to distinguish the cases. Mr. Hernandez instead contends that the Court should look beyond the *Blockburger* test because the Government has done what the First Circuit warned about with successive

conspiracy cases: carved up a single conspiracy into separate prosecutions, thereby complying with *Blockburger* in a literal sense but violating the constitutional protection against double jeopardy. *See Laguna-Estela*, 394 F.3d at 57 (internal citations omitted).

This argument is misapplied. The First Circuit voiced this concern with regard to successive conspiracy prosecutions, not to a prosecution for a substantive offense followed by a prosecution for a related conspiracy. *Id.*; *see also Fornia-Castillo*, 408 F.3d at 55. "In addition, mere overlap in proof between two prosecutions does not establish a double jeopardy violation." *Felix*, 503 U.S. at 379 (citing *Dowling v. United States,* 493 U.S. 342 (1992)).

### C. Due Process Claim

Mr. Hernandez also claims that the current prosecution constitutes a deprivation of due process, because he "has already been punished for his alleged role in the conspiracy." He alleges:

> [W]here a defendant challenges the fundamental fairness of a proceeding or prosecution[,] the court must determine whether the action complained of 'violates those fundamental conceptions of justice which lie at the base of our civil and political institutions,' *Mooney v. Holohan*, 294 U.S. 103, 112 (1935), and which define 'the community's sense of fair play and decency.' *Rochin v. California*, 342 U.S. 165, 173 (1952).

*Def.'s Mot.* at 7. As explained above, the final PSR makes no reference to conspiratorial conduct, and the Defendant has submitted no evidence that suggests that the Court considered Mr. Hernandez's alleged role in the conspiracy in calculating his sentence in the previous prosecution. However, even if Mr. Hernandez

13

had already been punished for his alleged role in the conspiracy, his Due Process Claim would fail.

The Supreme Court addressed a similar claim in *Sattazahn v. Pennsylvania*, 537 U.S. 101 (2003), in which a defendant "contend[ed] that, regardless of whether the imposition of the death sentence violated the Double Jeopardy Clause, it unfairly deprived him of his 'life' and 'liberty' interests." *Id.* at 115. The Supreme Court concluded that "[a]t bottom, petitioner's due process claim is nothing more than his double-jeopardy claim in different clothing." *Id.* at 115-16. The *Sattazahn* Court explained:

> The Bill of Rights speaks in explicit terms to many aspects of criminal procedure, and the expansion of those constitutional guarantees under the open-ended rubric of the Due Process Clause invites undue interference with both considered legislative judgments and the careful balance that the Constitution strikes between liberty and order.

*Id.* (quoting *Medina v. California*, 505 U.S. 437, 443 (1992)); *see also United States v. Neto*, 659 F.3d 194, 201 (1st Cir. 2011) (rejecting a defendant's contention that the Due Process Clause of the Fifth Amendment supplements the protections provided by the Double Jeopardy Clause). Here, Mr. Hernandez claims a Due Process violation using exactly the same reasoning as his double jeopardy claim. The Court views Mr. Hernandez's due process claim as more like his double jeopardy claim than the Due Process claim alleged by the defendant in *Sattazahn*, and as a result, the Court views his Due Process claim as even more problematic.

Furthermore, the First Circuit has held that in light of the Supreme Court's decision in *United States v. Dixon*, 509 U.S. 688, 712 (1993), "the performance of a

14

*Blockburger* analysis completes the judicial task in a successive prosecution case." *United States v. Morris*, 99 F.3d 476, 480 (1st Cir. 1996) (citing *Dixon*, 509 U.S. at 712). Put simply, the Court cannot consider Mr. Hernandez's double jeopardy claim under the Due Process Clause of the Fifth Amendment. To do so would be to "hold that the Due Process Clause provides greater double-jeopardy protection than does the Double Jeopardy Clause." *Id.*

## V. CONCLUSION

The Court DISMISSES without prejudice Luis Hernandez's Motion to Dismiss Double Jeopardy (ECF No. 188).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of March, 2019